**MEMO ENDORSED**
**p. 2**

PATRICK C. CRILLEY
OF COUNSEL TO
RICHARD A. ZIMMERMAN
ATTORNEY AT LAW
SUITE 2202
233 BROADWAY
NEW YORK, NEW YORK 10279

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-29-08

TELEPHONE (212) 962 1818
TELEFAX: (240) 218 6456

E MAIL: zimmny@attglobal.net
WEB: richardzimmerman.com

January 29, 2008


JAN 29 2008

By Hand

Hon. Richard M. Berman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 650
New York, NY 10007

    Re:    Phoenix Bulk Carriers v. Unicarbon et al.
            07 Civ. 10404 (RMB)
            Request for Prompt Hearing Pursuant to Rule E(4)(f) of the
            Supplemental Rules For Admiralty or Maritime Claims

Dear Judge Berman:

    We represent a non-party, Global Coal Trade Co. Limited ("Global Coal"), whose property in the amount $999,965.00 has been wrongly attached by Plaintiff in the above captioned action.

    In accordance with Rule E (4)(f) of the Supplemental Rules for Admiralty and Maritime Claims, we hereby request a prompt hearing towards vacating the wrongful attachment of Global Coal's property.

    Rule E (4)(f) - Procedure for Release From Arrest or Attachment, provides:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

    Global Coal's funds, $999,965.00, were attached on or about January 9th, 2008, while passing through the New York electronic funds transfer ("EFT") system. The funds attached were partial freight payment from our client to the owner of the vessel "BRIGHT ZHENJIANG."

  The funds were attached as a direct result of inaccurate information given to the Court in the Plaintiff's application to amend the attachment order issued in this action. In both the application and the supporting affidavit of Plaintiff's counsel, both dated December 21, 2007, Plaintiff advised this court that the Defendant Dynacoal had chartered the vessel "BRIGHT ZHENJIANG." Based on that information, the Court amended the attachment order to permit the attachment of the property of the Defendant Dynacoal, including any transfer of freight in connection with the vessel "BRIGHT ZHENJIANG."

  Leaving aside the hearsay nature of Plaintiff's supporting affidavit, the fact is that our client, Global Coal, was the charterer of the named vessel. The freight payment was the property of our client Global Coal, not the property of the Defendant Dynacoal.

  Global Coal is not a defendant in the above captioned action, is not named in any manner whatsoever in the pleadings, affidavits and/or any other writings submitted or issued in this action. Its property should not be subject to attachment in this action.

  Attached hereto is a Declaration executed by Global Coal's director submitting irrefutable proof that Global Coal was indeed the Charter of the vessel and the party that was obligated to pay the freight and did pay the freight.

  We respectfully request that you convene a prompt hearing, within the next three (3) days, if at all convenient for the Court, at which the Plaintiff shall be required to show why the arrest or attachment of non-party Global Coal's property should not be vacated.

  We thank the Court for its courtesy in this matter.

Very truly yours

*[signature]*

Patrick C. Crilley (PC9057)
Of Counsel
Direct Phone (212) 619-1919
Direct Fax (212) 214-0311

CC: Peter J. Gutowski, Esq.
   FREEHILL, HOGAN & MAHAR
   Attorneys for Plaintiff
   PHOENIX BULK CARRIERS LTD
   80 Pine Street
   New York, NY 10005
   (By Hand)

---

*[Handwritten order:]* PLAINTIFF TO RESPOND TO THIS LETTER BY 1/31/08. A CONFERENCE IS SCHEDULED FOR 2/1/08 AT 9:45 A.M. IN COURTROOM 21D, 500 PEARL ST.

SO ORDERED:
Date: 1/29/08
*[signature]* Richard M. Berman
Richard M. Berman, U.S.D.J.