USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PHOENIX BULK CARRIERS LTD.,

      Plaintiff,

  -against-

UNICARBON LTD. and DYNACOAL LTD.,

      Defendants.
------------------------------------------------------------X

07 Civ. 10404 (RMB)

**ORDER**

## I. Background

On or about November 16, 2007, Phoenix Bulk Carriers Ltd. ("Plaintiff") filed a complaint ("Complaint") against Unicarbon Ltd. ("Unicarbon") and Dynacoal Ltd. ("Dynacoal") (collectively, "Defendants"), alleging that Defendants breached an April 29, 2005 "contract of affreightment" and, thereby, caused $1,088,909 in damages. (Complaint at 2, 7–8.) On December 21, 2007, the Court issued an order, pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), requiring seizure of Dynacoal's property "in connection with the vessel 'Bright Zhejiang.'" (Order, dated Dec. 21, 2007.) On or about January 9, 2008, the funds of Global Coal Trade Co. Ltd. ("Global Coal"), unnamed as a party, were attached when Global Coal submitted a payment to the owner of the Bright Zhejiang. (Ltr. to Hon. Richard M. Berman from Patrick Crilley, dated Jan. 29, 2008, at 1.)

On or about February 1, 2008, Global Coal submitted a motion to vacate the maritime attachment pursuant to Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule E"), arguing that (1) "Defendant Dynacoal does not have any property interest . . . in [Global Coal's] restrained funds"; and (2)

"Global Coal [] is not a defendant in the action." (Global Coal Mem. of Law, dated Feb. 1, 2008 ("Global Coal"), at 1–2.)

On or about February 5, 2008, Plaintiff opposed Global Coal's motion, arguing that (1) "Dynacoal clearly retained an interest in the [Bright Zhejiang] freight"; and (2) Plaintiff should be granted leave to amend its Complaint and add Global Coal as a defendant "under alter ego principles." (Ltr. to Hon. Richard M. Berman from Peter J. Gutowski, dated Feb. 5, 2008 ("Gutowski Ltr."), at 2.)

On February 13, 2008, the Court held a post-attachment hearing pursuant to Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. (See Hearing Transcript, Feb. 13, 2008.)

**For the reasons stated below, Global Coal's motion to vacate is denied and Plaintiff is granted leave to amend its complaint.**

## II.    Legal Standard

Rule B is "a relatively broad maritime attachment rule, under which the attachment is quite easily obtained," and a maritime attachment "may be vacated only in certain limited circumstances." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd., 460 F.3d 434, 443-45 (2d Cir. 2006). An attachment should not be vacated if the plaintiff shows that it "has satisfied the requirements of Rules B and E," including, among other things, that "it has a valid prima facie admiralty claim against the defendant." Id. at 445.

## III.   Analysis

### (1)    Plaintiff's Interest in Attached Funds

Global Coal argues that it "purchased the [Bright Zhejiang] cargo . . . from Defendant Dynacoal" and no "named defendants have control over the restrained funds." (Global Coal at

2.) Plaintiff argues that "the supposed sale transaction from Dynacoal to Global Coal is little more than an in-house maneuver between shell entities" designed to the avoid attachment. (Gutowski Ltr. at 2.)

By alleging alter ego liability of Global Coal and by challenging the legitimacy of the sale between Dynacoal and Global Coal, Plaintiff has demonstrated that Dynacoal has "a property interest in the [attached funds] sufficient to render it attachable under Rule B." See Essar Int'l Ltd. v. Martrade Gulf Logistics, No. 07 Civ. 3439, 2007 WL 2456629, at *2–3 (S.D.N.Y. Aug. 23, 2007) (where money transferred by a non-party was for the benefit of a named defendant and "the transfer was orchestrated to avoid the Attachment Order"). "Plaintiff need not aver an alter ego relationship in the Complaint for a Rule B attachment to be proper." See id.

(2)  **Plaintiff's Proposed Amendment**

Global Coal argues that its funds were improperly attached because it is "an un-named non-party." (Global Coal at 4.) Plaintiff argues that "leave to re-plead should be granted asserting [] alternative grounds" of (alter ego) liability against Global Coal. (Gutowski Ltr. at 2.)

"At this stage, Plaintiff's alter ego allegations are sufficient to support [its] application to amend the [] Complaint to include [Global Coal] as a defendant" because allegedly "there is reason to believe that there is no meaningful difference between [Global Coal and Dynacoal]." See T&O Shipping, Ltd. v. Source Link Co., Ltd., No. 06 Civ. 7724, 2006 WL 3513638, at *8 (S.D.N.Y. Dec. 5, 2006). "The Federal Rules of Civil Procedure favor liberal amendment of pleadings" and granting Plaintiff leave to amend its Complaint would be consistent with that liberal policy. See Nevitt Import Corp. v. Mitsui O.S.K. Lines (America), Inc., No. 93 Civ. 8074, 1995 WL 406004, at * 1 (S.D.N.Y. 1995).

## IV.  Conclusion and Order

For the reasons stated herein, Global Coal's motion to vacate is denied.  Plaintiff is granted leave to amend its complaint within ten days from the date of this Order.

Dated: New York, New York
       February 13, 2008

*/s/ RMB*
_____
RICHARD M. BERMAN, U.S.D.J.