UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
PHOENIX BULK CARRIERS LTD.,

            Plaintiff,

-against-

UNICARBON LIMITED, DYNACOAL
LIMITED, GLOBAL COAL TRADE CO.
LTD. and AYHAN MIZRAKCI,

            Defendants.
----------------------------------------------------------x

ECF CASE

07 Civ. 10404 (RMB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 8/8/2008

### STIPULATION AND ORDER OF DISMISSAL
### AND TURN OVER ORDER
### IN RESPECT OF ATTACHED PROPERTY

IT IS HEREBY STIPULATED AND AGREED between the parties, by their undersigned attorneys, as follows:

WHEREAS the plaintiff, PHOENIX BULK CARRIERS LTD. (hereinafter referred to as "Phoenix" or "Plaintiff"), and the defendants UNICARBON LIMITED (hereinafter "Unicarbon"), DYNACOAL LIMITED (hereinafter "Dynacoal"), GLOBAL COAL TRADE CO. LTD. (hereinafter "Global Coal"), and AYHAN MIZRAKCI (hereinafter "Mizrakci"), (collectively referred to as the "Defendants") have agreed to settle their disputes concerning a Contract Of Affreightment ("COA") between Phoenix and Unicarbon dated on or about April 29, 2005, for three shipments of coal from China to Turkey; and

WHEREAS disputes arose between the parties with Phoenix alleging that Unicarbon repudiated and/or renounced the COA and failed to pay loss and damage which Phoenix alleged to have suffered due to said alleged repudiation and/or renunciation by Unicarbon; and

1

WHEREAS Plaintiff filed this action against the Defendants seeking an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; and

WHEREAS on or about December 3, 2007, garnishee Wachovia Bank acting pursuant to the Ex Parte Order of Maritime Attachment and the Process of Maritime Attachment and Garnishment, restrained and attached Defendants' property, *i.e.* an electronic funds transfer, in the total amount of $130,000.00; and

WHEREAS on or about January 8, 2008, garnishee Bank of New York acting pursuant to the Ex Parte Order of Maritime Attachment and the Process of Maritime Attachment and Garnishment, restrained and attached Defendants' property, *i.e.* an electronic funds transfer, in the total amount of $999,965.00; and

WHEREAS other funds belonging to Defendants may have been attached at the said garnishee banks or other garnishee bank(s) acting pursuant to the Ex Parte Order of Maritime Attachment and the Process of Maritime Attachment and Garnishment, of which further attached funds Phoenix's undersigned attorneys agree to give a full and complete accounting; and

WHEREAS Phoenix and the Defendants have entered into a written settlement agreement that provides that the Defendants shall pay to Phoenix the total sum of $340,000.00 United States Dollars; and

WHEREAS Phoenix and the Defendants have agreed that the Defendants will fund the $340,000.00 settlement from the funds currently under attachment pursuant to the Ex Parte Order of Maritime Attachment; and

WHEREAS Phoenix and the Defendants agree that $340,000.00 of the Defendants' attached funds should be released pursuant to the instructions of the undersigned attorneys for Phoenix for final credit to Phoenix; and

WHEREAS Phoenix and the Defendants agree that any and all other property/funds other than the $340,000.00 settlement payment should be released pursuant to the instructions of the Defendants' undersigned attorneys for final credit to the Defendants;

WHEREAS Phoenix and the Defendants have agreed that the action be dismissed with prejudice and the Clerk of the Court be ordered to close the case subject to reopening at the request of either party within 30 days hereof if the settlement is not completed or the intervention the Court is otherwise required and

WHEREAS Phoenix and the Defendants declare and agree that neither the underlying settlement agreement nor this Stipulation and Order, nor the payment of the settlement funds shall in any way be construed as an admission of liability by any of the parties in relation to the allegations or matters in dispute in these proceedings; and

WHEREAS Phoenix and the Defendants have agreed that this Court shall retain jurisdiction to enforce this Stipulation and Order; therefore

IT IS HEREBY ORDERED that garnishee Bank Of New York shall effect an electronic funds transfer in favor of Phoenix in the amount of $340,000.00, which amount shall be deducted from the Defendants' property that Bank Of New York currently holds under attachment, and that Bank Of New York shall pay this amount to the account specified by Phoenix's undersigned attorneys and that any bank fees associated with the transferring of the settlement funds to such account as designated by Phoenix's undersigned attorneys shall not be deducted from the transferred funds; and

IT IS FURTHER HEREBY STIPULATED AND ORDERED that the $340,000.00 settlement payment from the Defendants to Phoenix shall not be subject to any attachment by any of the Defendants in New York; and

IT IS FURTHER HEREBY STIPULATED AND ORDERED that the balance of any and all funds/property under attachment at Bank Of New York, other than the settlement payment of $340,000.00, shall be immediately released to the account specified by Defendants' undersigned attorneys, as soon as Phoenix has received the settlement payment into the account designated by its undersigned attorneys as provided for above; and

IT IS FURTHER HEREBY STIPULATED AND ORDERED that any and all other funds/property under attachment at Wachovia Bank, specifically the $130,000 restrained on or about December 3, 2007, shall be immediately released, to the account specified by Defendants' undersigned attorneys, as soon as Phoenix has received the settlement payment into the account designated by its undersigned attorneys as provided for above; and

IT IS FURTHER HEREBY STIPULATED AND ORDERED that any and all other funds/property of the Defendants under attachment at the said garnishee banks or at any other garnishee bank(s) acting pursuant to the Ex Parte Order of Maritime Attachment and the Process of Maritime Attachment and Garnishment, shall be immediately released, to the account specified by Defendants' undersigned attorneys, as soon as Phoenix has received the settlement payment into the account designated by its undersigned attorneys as provided for above.  This Stipulation and Order being equally effective against any such garnishee bank(s) presently restraining any such funds of the Defendants pursuant to the Ex Parte Order of Maritime Attachment and the Process of Maritime Attachment and Garnishment, as if such other garnishee bank(s) was expressly named herein; and

IT IS FURTHER HEREBY STIPULATED AND ORDERED that the balance of the funds to be paid to the Defendants shall not be subject to any attachment by Phoenix in New York; and

IT IS FURTHER HEREBY STIPULATED AND ORDERED that the case is hereby dismissed with prejudice and without costs to any party and the Clerk of the Court is hereby ordered to close the case, subject to reopening at the request of either party within 30 days hereof if the settlement is not completed or the intervention the Court is otherwise required.

Dated: August 7, 2008
New York, New York

FREEHILL HOGAN & MAHAR, LLP
Attorneys for the Plaintiff,
PHOENIX BULK CARRIERS LTD.,

By: _____
   Peter J. Gutowski (PG 2200)
   Gina M. Venezia (GV 1551)
   Pamela L. Schultz (PS 8675)
   80 Pine Street
   New York, NY 10005
   Telephone: (212) 425-1900
   Facsimile: (212) 425-1901

RICHARD A. ZIMMERMAN, ESQ.
Attorney for Defendants

By: _____
   Patrick C. Crilley (PC 9057)
   Of Counsel to
   Richard A. Zimmerman (RZ 0963)
   233 Broadway – Suite 2202
   New York, NY 10279
   Telephone: (212) 619-1919
   Facsimile: (212) 214-0311

SO ORDERED:



Honorable Richard M. Berman, U.S.D.J.

8/8/08